IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| John Astrin Matthews,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:04-cr-00143-TLW-1<br>C/A No. 4:16-cv-01688-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner John Astrin Matthews. For the reasons stated below, the petition is denied.

## I. Factual and Procedural History

Petitioner was charged with and pled guilty to being a felon in possession of a firearm, and the Court sentenced him to 186 months incarceration. ECF No. 28.

At sentencing, Petitioner was classified as an armed career criminal under the Armed Career Criminal Act (ACCA), which imposes a mandatory minimum fifteen-year sentence on a felon who possesses a firearm and who has three or more prior convictions for committing certain drug crimes or "violent felon[ies]." 18 U.S.C. § 924(e)(1).[1] His Presentence Investigation Report (PSR) did not specifically state

---

[1] If he had not been classified as an armed career criminal, he would have faced a statutory maximum of ten years incarceration on Count 3. 18 U.S.C. §§ 922(g)(1), 924(a)(2).

1

which offenses were classified as ACCA predicate convictions, but it appears that the following convictions were counted:

    (1)    Aggravated Assault With Weapon (Florida) (PSR ¶ 24);

    (2)    Burglary, 2nd Degree (South Carolina) (PSR ¶ 27);

    (3)    Threatening the Life of a Public Official (South Carolina) (PSR ¶ 28);

    (4)    Possession of Cocaine With Intent to Deliver (Florida) (PSR ¶ 30).

After judgment was entered, Petitioner filed a direct appeal, but the Fourth Circuit affirmed. *United States v. Matthews*, 164 F. App'x 379 (4th Cir. 2006). The Supreme Court denied his petition for a writ of certiorari. *Matthews v. United States*, 126 S. Ct. 2050 (2006).

In Petitioner's § 2255 petition, he challenges his aggravated assault, burglary, and threatening convictions, asserting that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and other cases, he no longer has the requisite number of ACCA predicate convictions and is therefore entitled to a resentencing without the ACCA enhancement. The Government filed a motion for summary judgment, asserting that the aggravated assault, threating, and drug convictions still qualify as predicates and that he remains an armed career criminal. ECF Nos. 50, 51. He filed a response in opposition to the Government's motion. ECF No. 52.

This matter is now ripe for decision.

## II.    28 U.S.C. § 2255

Section 2255 provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside,

or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## III. Discussion

Petitioner does not challenge his drug conviction and the Government does not contest his challenge to his burglary conviction,[2] so in order for him to remain an armed career criminal, his aggravated assault and threatening offenses must count as ACCA predicates.

---

[2] In *United States v. Hall*, 684 F. App'x 333 (4th Cir. 2017), the Fourth Circuit concluded that South Carolina's burglary statutes suffer from the same ACCA-related infirmities that doomed the burglary statute at issue in *Mathis v. United States*, 136 S. Ct. 2243 (2016).

3

### A. Aggravated Assault With a Weapon (PSR ¶ 24)

Petitioner has a juvenile adjudication for Aggravated Assault With a Weapon, in violation of Fla. Stat. § 784.021. Though the Fourth Circuit has not yet passed on the question, he acknowledges that the Eleventh Circuit—Florida's home circuit—has concluded that a violation of § 784.021 is an ACCA predicate offense. *See Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1338 (11th Cir. 2013). He attempts to distinguish *Turner* by arguing that it did not consider the *mens rea* necessary to sustain a conviction under that statute. He also argues that *Descamps v. United States*, 570 U.S. 254 (2013)—issued after *Turner*—has clarified the law that applies regarding the categorical approach such that courts should no longer rely on *Turner*'s reasoning. *See* ECF No. 47-1 at 7–10. But the Eleventh Circuit evidently disagrees with Petitioner's argument.

At least four times post-*Descamps*, the Eleventh Circuit has had a case that presented the question of whether aggravated assault in violation of § 784.021 is a "violent felony" under the ACCA or a "crime of violence" under the Sentencing Guidelines, and in each case, the Eleventh Circuit followed *Turner* and counted the conviction. *See United States v. Preston*, ___ F. App'x ___, 2019 WL 1749174, at *1–2 (11th Cir. 2019) (ACCA); *United States v. Deshazior*, 882 F.3d 1352, 1355 (11th Cir. 2018) (ACCA); *United States v. Golden*, 854 F.3d 1256, 1256–57 (11th Cir. 2017) (Guidelines); *In re Hires*, 825 F.3d 1297, 1301 (11th Cir. 2016) (ACCA). The Eleventh Circuit did not rehear any of those cases *en banc*, and *Turner* therefore remains good law in the Eleventh Circuit post-*Descamps*.

Additionally, Petitioner has not cited any decision from any other circuit holding otherwise. The Court's research discloses that every circuit court that has considered the issue has concluded, like the Eleventh Circuit, that a violation of § 784.021 is an ACCA violent felony or Guidelines crime of violence. *See United States v. Stewart*, 711 F. App'x 810, 811–12 (8th Cir. 2018); *United States v. Pittro*, 646 F. App'x 481, 485 (6th Cir. 2016); *United States v. Alonzo-Garcia*, 542 F. App'x 412, 416–17 (5th Cir. 2013); *United States v. Koenig*, 410 F. App'x 971, 973 (7th Cir. 2010).

In particular, the Eighth Circuit has explicitly rejected the same *mens rea* argument that Petitioner now raises. *See Stewart*, 711 F. App'x at 811–12. In *Stewart*, the Eighth Circuit said that the term "culpable negligence" requires "reckless disregard," "indifference to consequences," or "reckless indifference to the rights of others." *See id.* (citing *DuPree v. State*, 310 So. 2d 396, 398 (Fla. Dist. Ct. App. 1975)). *Stewart* also noted that Florida aggravated assault is more than "mere negligence," stating that "reckless conduct can . . . be a 'use' of physical force." *Id.* at 811 (citations omitted).

In light of the above, the Court concludes that Petitioner's aggravated assault conviction remains an ACCA predicate offense.

B.   Threatening a Public Official (PSR ¶ 28)

Petitioner also has a conviction for Threatening a Public Official in violation of S.C. Code Ann. § 16-3-1040(A), which provides as follows:

It is unlawful for a person knowingly and wilfully to deliver or convey to

5

> a public official . . . any letter or paper, writing, print, missive, document, or electronic communication or verbal or electronic communication which contains a threat to take the life of or to inflict bodily harm upon the public official . . . or members of his immediate family if the threat is directly related to the public official's . . . professional responsibilities.

A violation is punishable by up to five years incarceration. S.C. Code Ann. § 16-3-1040(C). Caselaw interpreting this statute is sparse, but one judge in this district has analyzed it for ACCA purposes.

In *Febrez v. United States*, the petitioner filed a § 2255 petition challenging his ACCA designation, which involved the question of whether his conviction for Threatening a Public Official remained an ACCA predicate offense in light of *Johnson*. *See* No. 4:08-cr-01165-RBH-1, 2017 WL 4764810, at *2 (D.S.C. Oct. 20, 2017). The petitioner in that case made the precise argument that Petitioner makes here—that under *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012), "a threat of injury or death is not the same as a threat to use physical force." *Febrez*, 2017 WL 4764810, at *1; ECF No. 47-1 at 12. However, as Chief Judge Harwell recognized, the Supreme Court's subsequent decision in *United States v. Castleman*, 572 U.S. 157 (2014) abrogated the distinction drawn in *Torres-Miguel* between indirect and direct applications of force. *See Febrez*, 2017 WL 4764810, at *3 (citing *United States v. Burns-Johnson*, 864 F.3d 313, 318 (4th Cir. 2017); *In re Irby*, 858 F.3d 231, 238 (4th Cir. 2017)). Recently, the Fourth Circuit succinctly summarized the post-*Castleman* state of the law: "Following *Castleman*, it is impossible to intend to cause injury or death without physical force as contemplated under the ACCA." *United States v. Battle*, ___ F.3d ___, 2019 WL 2426493, at *5 (4th Cir. June 11,

2019).

In order to be convicted of violating § 16-3-1040(A), a defendant must, among other things, "threat[en] to take the life of or to inflict bodily harm upon" certain other persons. As Chief Judge Harwell said, "one cannot 'threaten' to take the life of another human being without 'threatening' the use of physical force capable of causing physical pain or injury to another. . . . Threatening to take the life of another or to inflict bodily harm is precisely the type of violent conduct encompassed by the 'force clause.'" *Febrez*, 2017 WL 4764810, at *3. Just as one cannot cause injury or death without physical force, *Battle*, 2019 WL 2426493, at *5, one cannot "threat[en] to take the life of or to inflict bodily harm upon" another, S.C. Code Ann. § 16-3-1040(A), without "threaten[ing] use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i). Accordingly, the Court concludes that Threatening a Public Official in violation of § 16-3-1040(A) is an ACCA violent felony under the force clause.

## IV. Conclusion

In light of the above, the Court concludes that Petitioner still has at least three ACCA predicate convictions and is therefore not entitled to habeas relief. Accordingly, the Government's Motion for Summary Judgment, ECF No. 51, is **GRANTED** and Petitioner's petition for relief pursuant to § 2255, ECF No. 47, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of

7

appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

  **IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

June 24, 2019
Columbia, South Carolina